**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**TYLER DIVISION**

| | | |
|---|---|---|
| COBY WIEBE,<br><br>Plaintiff,<br><br>v.<br><br>ROBERT S. DAVIS, *et al.*,<br><br>Defendants. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | Case No. 6:26-cv-83-JDK-JDL |

**ORDER ADOPTING REPORT AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE**

On January 30, 2026, Plaintiff Coby Wiebe initiated the instant action against Defendants Robert Davis, Lee Correa, Michael Hopkins, and Crowe LLP. Docket No. 1. In his complaint, Wiebe asserts a claim under 42 U.S.C. § 1983 against Defendants for their alleged violation of Wiebe's constitutional right of access to the courts. *Id.* at 12. The case was referred to Magistrate Judge John D. Love pursuant to 28 U.S.C. § 636 for findings of fact, conclusions of law, and recommendations for the disposition of the case.

In a prior order, Judge Love expressed concerns regarding Wiebe's standing to bring his denial of access to the courts claim against Defendants. *Id.* Judge Love ordered Wiebe to file a response addressing his standing under Federal Rule of Civil Procedure 11(b). *Id.* Wiebe timely filed his Rule 11(b) response on February 24, 2026. Docket. No. 5.

On March 11, 2026, Judge Love issued a Report and Recommendation recommending sua sponte that Wiebe's claim against Defendants be dismissed without prejudice for lack of standing. Docket No. 16. Wiebe timely filed objections to the Report. Docket No. 22.

The Court reviews the findings and conclusions of the Magistrate Judge de novo if a party objects within fourteen days of the Report and Recommendation. 28 U.S.C. § 636(b)(1). In conducting a de novo review, the Court examines the entire record and makes an independent assessment under the law. *Alexander v. Verizon Wireless Servs., LLC*, 875 F.3d 243, 249 (5th Cir. 2017). The Court reviews unobjected-to portions of the Magistrate Judge's Report for clear error or abuse of discretion and reviews the legal conclusions to determine whether they are contrary to law. *United States v. Wilson*, 864 F.2d 1219, 1221 (5th Cir. 1989) (holding that, if no objections to a Magistrate Judge's Report are filed, the standard of review is "clearly erroneous, abuse of discretion and contrary to law").

As explained below, the Court overrules Wiebe's objections and adopts the Report and Recommendation. Wiebe's claims against all Defendants are **DISMISSED** without prejudice.

## I.

Wiebe asserts five objections: (1) the Report misapplies Article III standing and mischaracterizes Wiebe's alleged injury, (2) the Report applies the wrong legal framework in evaluating Wiebe's denial of access claim, (3) the Report incorrectly characterizes Wiebe's injury as speculative when the record demonstrates that it is

concrete and particularized, (4) Wiebe's complaint sufficiently pleads a coordinated sequence of conduct sufficient to establish action under color of law as to Defendants, and (5) dismissal of Wiebe's claim prior to discovery is procedurally improper because the facts relevant to standing are intertwined with the merits of the claim itself. Docket. No. 22. The Court addresses each objection in turn.

**A.**

In his first objection, Wiebe argues that the Report incorrectly frames his claim against Defendants as asserting the rights of a criminal defendant in its standing analysis. *Id.* at 2–3. Wiebe states that he is instead alleging that Defendants' conduct interfered with his own right to seek redress in federal court. *Id.* Wiebe contends that the Report's framing of the injury "sidesteps the actual constitutional violation alleged" and "invalidates the standing analysis." *Id.* at 3.

This objection goes to the "personal" and "particularized" elements of standing. Whereas here, the primary reason Weibe lacks standing is that his claimed "injury" is not concrete. Accordingly, the alleged error Wiebe identifies does not alter the ultimate jurisdictional conclusion. *See id.*

Wiebe's first objection is overruled.

**B.**

In his next objection, Wiebe asserts that the Report applied the wrong legal framework for analyzing his denial of access claim. Docket No. 22 at 3–4. Wiebe states that he is attempting to assert a backward-looking claim, but the Report incorrectly applied the legal standard for forward-looking denial of access claims. *Id.*

This, Wiebe argues, resulted in the Report's standing analysis necessarily reaching the wrong result. *Id.*

The Court disagrees. To succeed on a denial of access to the courts claim, "a plaintiff must demonstrate that the lack of access has prevented him from filing or caused him to lose a pending case that attacks either his conviction or seeks 'to vindicate basic constitutional rights'" in a civil rights action under 42 U.S.C. § 1983. *See Raby v. Tolly*, 2018 WL 3387541, at *10 (E.D. Tex. June 18, 2018) (quoting *Lewis v. Casey*, 518 U.S. 343, 356 (1996)). Wiebe identifies only a speculative, future-looking injury (the possibility that evidence was removed from the chain of custody and might therefore hurt his ability to prove his claims down the road), rather than a current or backward-looking injury. Specifically, the allegations in the complaint and the exhibit attached to the complaint do not suggest that Wiebe's ability to pursue his claims in a separate action were materially impaired. *Id.* at 8.

This analysis, which was likewise conducted in the Report, is consistent with the jurisdictional requirements for backward-looking denial of access claims because a plaintiff must allege a concrete injury arising from the loss or frustration of a nonfrivolous underlying claim to establish Article III standing. *See Christopher*, 536 U.S. at 415 (requiring a plaintiff to allege that his ability to pursue a "nonfrivolous," "arguable" claim was hindered). As such, this objection lacks merit.

Wiebe's second objection is overruled.

**C.**

Wiebe further objects to the Report's characterization of his injury as speculative. Docket No. 22 at 4. Wiebe states that, by taking evidence from the Rains County Sheriff's Office that was being preserved for use in Robert Jenkins Franklin's state criminal case, Defendants effectively made key evidence unusable in Wiebe's other federal civil case. *Id.* Because of this, Wiebe asserts that he has sufficiently pleaded a concrete injury in accordance with Article III of the U.S. Constitution, and the Report erred in concluding otherwise. *Id.*

However, Wiebe has not pleaded any facts indicating that Defendants' conduct has caused him to suffer a concrete injury. *See* Docket No. 16 at 8–9. To be sure, Wiebe alleges that the integrity of certain pieces of evidence involved in the criminal case against Robert Jenkins Franklin has been compromised, and he provides statements from the Special Prosecutor in Franklin's criminal case to support this allegation. Docket No. 1 at 8–9, 12–13; Docket No. 1, Ex. 1 at 9. But Wiebe does not plead facts indicating that the evidence at issue is material to his pending or prospective civil claims; nor does he plead facts suggesting that his pursuit of judicial relief has been hindered or foreclosed. *See* Docket No. 1 at 8–9, 12–13. Instead, Wiebe alleges merely that evidence material to his claims may be deemed inadmissible if he attempts to use it in pending or future litigation. *See* Docket No. 11 at 4 ("If that evidence cannot be authenticated or trusted, Plaintiff's ability to prove his case is materially impaired."). Allegations of speculative future disadvantages in litigation are insufficient to establish a concrete injury under Article III. *See Clapper v.*

*Amnesty Int'l USA*, 568 U.S. 398, 409 (2013) (holding that allegations of possible future injury are insufficient for Article III standing (citing *Whitmore v. Arkansas*, 495 U.S. 149, 158 (1990))). As such, Wiebe has failed to plead a concrete injury sufficient to establish Article III standing. *See id.*

Wiebe's third objection is overruled.

**D.**

In his next objection, Wiebe argues that the allegations provided in his complaint indicate that Defendants' conduct was not routine handling of evidence; rather, it was a coordinated sequence of misconduct taken under color of law. Docket No. 22 at 5. This objection, however, is improper as it fails to point out any specific factual or legal error in the Report. *See id.* "[P]arties filing objections must specifically identify those findings objected to. Frivolous, conclusive or general objections need not be considered by the district court." *Battle v. U.S. Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987) (quotation omitted). Because Wiebe's objection does not pertain to any conclusions or findings made in the Report, the Court will not consider it.

**E.**

In his final objection, Wiebe asserts that the Report's dismissal of his case is procedurally improper at this stage of litigation because "the facts relevant to standing are intertwined with the merits" of his claims. Docket No. 22 at 5. As such, Wiebe argues that he is entitled to jurisdictional discovery before dismissal under *Williamson v. Tucker*, 645 F.2d 404 (5th Cir. 1981). *Id.*

*Williamson v. Tucker* identifies two distinct types of challenges to a court's subject matter jurisdiction: facial and factual. *Williamson*, 645 F.2d at 412–13. A facial challenge attacks the sufficiency of the allegations in the complaint to invoke subject matter jurisdiction while presuming the truth of all well-pleaded allegations. *Id.* (citing *Mortensen v. First Fed. Sav. and Loan Ass'n*, 549 F.2d 884, 891 (3rd Cir. 1977)). In contrast, a factual challenge attacks the truth of the allegations in the complaint and enables the district court to "to weigh the evidence and satisfy itself as to the existence of its power to hear the case." *Id.* In considering a facial challenge, the court's review is limited to the complaint and any undisputed facts in the record. *See Paterson v. Weinberger*, 644 F.2d 521, 523 (5th Cir. 1981) (stating that a trial court need only consider the sufficiency of the allegations when evaluating facial jurisdictional challenges). Additional jurisdictional discovery is not required prior to dismissal in those cases. *Williamson*, 645 F.2d at 414; *see also Paterson*, 644 F.2d at 523. When considering a factual challenge, however, "the plaintiff should have an opportunity to develop and argue the facts in a manner that is adequate in the context of the disputed issues and evidence" through jurisdictional discovery. *Williamson*, 645 F.2d at 414.

Here, Weibe's complaint is being dismissed following only a facial analysis of his jurisdictional allegations. *See* Docket No. 16 at 7–9. The Report presumed the truth of the factual assertions in Wiebe's complaint and the attached exhibit, but ultimately concluded that those facts were insufficient to confer Article III standing. *See id.* The Report did not contest the truth of Wiebe's jurisdictional allegations or

resolve any factual disputes. *See id.* As such, the Report did not prematurely resolve the merits of Wiebe's claims, and jurisdictional discovery prior to dismissal is unnecessary. *See Williamson*, 645 F.2d at 414; *see also Paterson*, 644 F.2d at 523.

Wiebe's fifth objection is overruled.

**II.**

After Judge Love issued his Report and Recommendation, Wiebe filed his first amended complaint. Docket No. 25. In his first amended complaint, Wiebe reasserts his denial of access to the courts claim against Defendants; he expounds on his conspiracy to violate civil rights claim; and he also expounds on his claim against Defendant Hopkins for municipal liability under *Monell v. Department of Social Services of City of New York*, 436 U.S. 658 (1978). *Id.* at 5. Thereafter, Defendants filed motions to dismiss Wiebe's first amended complaint. *See* Docket Nos. 27, 30.[1]

Wiebe's first amended complaint provides additional factual allegations claiming that Defendants mishandled "electronic devices, hard drives, and digital metadata." Docket No. 25, at 4. Wiebe alleges that this evidence "constitutes the primary corroborating proof of the coercive conduct underlying [his] § 1983 claims." *Id.* Wiebe further claims that his ability to "authenticate and present this evidence to a trier of fact" has been "materially and permanently impaired." *Id.*

Despite these additional allegations, Wiebe's first amended complaint fails to cure the standing deficiencies identified in the Report and Recommendation. At most,

---

[1] Defendant Crowe LLP initially filed a motion to dismiss Wiebe's original complaint. *See* Docket No. 23. After Wiebe amended his complaint, Crowe LLP filed a second motion to dismiss. *See* Docket No. 27.

Wiebe's first amended complaint suggests that the alleged break in the chain of custody of the evidence at issue may result in evidentiary complications in future litigation. *See* Docket No. 25. But allegations of a possible future evidentiary dispute do not establish a concrete injury under Article III. *See Clapper*, 568 U.S. at 409 (citing *Whitmore*, 495 U.S. at 158). Indeed, the Fifth Circuit has consistently recognized that breaks in the chain of custody generally affect the weight of evidence rather than its admissibility. *See, e.g., United States v. Orr*, 136 F. App'x 632, 636 (5th Cir. 2005) ("[A] break in the chain of custody simply goes to the weight of the evidence, not its admissibility[.]" (quoting *United States v. Sparks*, 2 F.3d 574, 582 (5th Cir. 1993))); *United States v. Dixon*, 132 F.3d 192, 197 (5th Cir. 1997) (holding it was not an abuse of discretion for the trial court to admit evidence with a broken chain of custody). As such, Wiebe's amended complaint fails to plausibly allege that the evidence at issue is effectively unusable or that Defendants' conduct has materially impaired or foreclosed any underlying nonfrivolous claim. Rather, Wiebe alleges only the possibility of evidentiary challenges in future proceedings, which is insufficient to establish Article III standing. *See Clapper*, 568 U.S. at 409 (*citing Whitmore*, 495 U.S. at 158).

This defect is fatal not only to Wiebe's denial of access claim but also to his conspiracy and municipal liability claims. As Wiebe explicitly states in his complaint, his conspiracy and municipal liability claims are premised on the same alleged speculative future injury. Docket No. 25, at 5 (claiming that Rains County's alleged policy was the "'moving force' behind the deprivation of Plaintiff's right of access to

the courts" and that Defendants conspired to "remove the evidence from official custody to gain a litigation advantage"). Because none of Wiebe's claims is based on a concrete injury sufficient to confer Article III standing, this Court lacks subject matter jurisdiction over all claims asserted in Wiebe's first amended complaint. *See 3rd Eye Surveillance, LLC v. e-Watch Corp.*, 2017 WL 11630485, at *3 (E.D. Tex. June 19, 2017) ("[a] court lacks subject matter jurisdiction over a cause of action if the plaintiff lacks standing to bring the cause of action"). As such, Wiebe's first amended complaint does not alter the Court's decision to dismiss his complaint for lack of standing.

**III.**

Having conducted a de novo review of the record in this case and the Magistrate Judge's Report, the Court has determined that the Magistrate Judge's Report is correct, and Wiebe's objections are without merit. Accordingly, the Court **OVERRULES** Wiebe's objections (Docket No. 22) and **ADOPTS** the Report of the Magistrate Judge (Docket No. 16) as the opinion of the Court. Wiebe's claims against all Defendants are **DISMISSED** without prejudice for lack of standing. Defendant Crowe LLP's first and second motions to dismiss (Docket Nos. 23, 27) are **DENIED AS MOOT**. Defendants Lee Correa, Robert S. Davis, and Michael Hopkins' motion to dismiss (Docket No. 30) is also **DENIED AS MOOT**.

**So ordered and signed on this**
**Aug 10, 2026**

JEREMY D. KERNODLE
UNITED STATES DISTRICT JUDGE